Zent v. Smith.

---

No. 8915.

### ZENT v. SMITH.

DAMAGES.—*Measure of.—Property Sold on Execution.—Reversed Judgment.—Witnesses.—Costs.*—In a suit for the value of property sold upon an execution issued upon a judgment which is afterwards reversed, the plaintiff is not limited to the amount for which the property sold, and is entitled to recover the cost of summoning witnesses to prove the value of such property.

From the Huntington Circuit Court.

*J. C. Branyan, C. W. Watkins* and *M. L. Spencer,* for appellant.

*J. B. Kenner* and *B. M. Cobb,* for appellee.

Zent *v.* Smith.

BEST, C.—The appellant recovered a judgment against the appellee, and caused some of his personal property to be sold upon an execution issued on said judgment. Afterwards this court reversed said judgment, and thereupon the appellee brought this action to recover the value of the property thus sold. From the judgment recovered in this action the appellee appealed, because the court refused to grant him a new trial, and the appellant has appealed from an order refusing to tax the costs of certain witnesses to the appellee. Both appeals were taken from orders in the same case, and the opinion in the other will be found in *Smith* v. *Zent, ante,* p. 86.

Witnesses were subpœnaed to prove the value of the property sold upon execution, and the motion to tax their fees to the appellee was based upon the assumption that he could only recover the sum for which the property sold, and that the sheriff's return was the only legitimate evidence of such fact. The court held in the other appeal that the appellee was not limited to the amount for which the property sold, and hence he was not concluded by the sheriff's return. If the value of the property exceeded the amount for which it was sold, this fact could not otherwise be established. Whether it did or not, it was proper to call witnesses to prove it.

A showing was made by the appellant that these witnesses were subpœnaed to annoy and harass him. This showing, however, was denied by the appellee, and the finding of the court upon this question of fact against the appellant must conclude him.

There was no error in the ruling, and the order of the court should be affirmed. A motion has been made to consolidate these appeals, but, as the result must be the same, we have concluded that it was unnecessary.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the order of the court below is hereby in all things affirmed, at the appellant's costs.